**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| PAUL REYES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No.: 1:23-mc-350 |
| | ) | |
| | ) | |
| JP MORGAN CHASE | ) | |
| | ) | |
| Misc. | ) | |

**PLAINTIFF'S MOTION TO COMPEL COMPLIANCE**
**WITH SUBPOENA BY JP MORGAN CHASE**

Pursuant to Federal Rule of Civil Procedure 45, Plaintiff Paul Reyes, by and through undersigned counsel, respectfully submits this motion to compel compliance with subpoena from JP Morgan Chase ("Chase"). Plaintiff brings this motion requesting the Court's assistance in compelling electronic production, given Chase's failure to provide the requested documents to Plaintiff's subpoena. Plaintiff respectfully requests the Court to compel Chase to provide discovery as outlined below.

**FACTUAL BACKGROUND**

On a date better known by Defendant, Plaintiff allegedly became delinquent on an account for personal, household, or familial use from a personal cable bill with DirecTV. On or about March 2018, a credit entry was placed on Plaintiff's credit report by a debt collector, Receivables Performance Management ("RPM") hired by DirecTV. The credit entry was listed with the account number 5858**** and indicated that $254 was due and owing to RPM from Plaintiff for this alleged debt. On or about February 2019, a second debt collector, Defendant IC Systems, also hired by DirecTV, placed its own entry on Plaintiff's credit report for the same alleged debt. Within this

credit entry, ICS reported the account number as 9598****, and ICS also represented that $254 was due and owing from Plaintiff. At no time in 2019, did Plaintiff owe more than $254 for his DirecTV debt. Plaintiff brought claims against ICS and RPM in the U.S. District Court for the District of Connecticut. Case Nos 3:19-cv-01206; 3:19-cv-01207.

At the time Plaintiff was employed by JP Morgan Chase as a banker. The reporting by both RPM and ICS made Plaintiff's credit appear as though he had two delinquencies where there was only one, negatively affecting his credit worthiness, negatively affecting his debt-to-income ratio, and making Plaintiff appear delinquent, and causing him to temporarily lose his job and then be demoted, after he sought a promotion at Chase. Plaintiff subpoenaed Chase to obtain a business records certification of certain documents (a letter follow-up regarding his unpaid job search leave and the employment credit report on which Chase based their employment decision) relating to Plaintiff's employment which Plaintiff was provided by Chase. Exhibit A. The subpoena was served by process server on Chase on June 1, 2023. Exhibit B. Chase has not formally responded to the subpoena through the production of documents, objections or a request for a protective order.

## **ARGUMENT**

A. Legal Standard for a Motion to Compel Discovery.

Federal Rule of Civil Procedure 45 governs discovery of non-parties by subpoena and permits a party to command, via subpoena, the production of documents that are in the "possession, custody, or control" of a nonparty. Fed. R. Civ. P. 45(a)(1)(A)(iii). Rule 45(c)(2)(B) provides in relevant part:

> A person commanded to produce documents or tangible things or to permit
> inspection may serve on the party or attorney designated in the subpoena a written
> objection to inspecting, copying, testing, or sampling any or all of the materials or
> to inspecting the premises-or to producing electronically stored information in the
> form or forms requested.

"The party issuing the subpoena must demonstrate that the information sought is relevant and material to the allegations and claims at issue in the proceedings." *Night Hawk Ltd. v. Briarpatch Ltd., L.P.*, 2003 U.S. Dist. LEXIS 23179, 2003 WL 23018833, at *8 (S.D.N.Y. 2003); *see Salvatorie Studios, Int'l v. Mako's, Inc.*, 2001 U.S. Dist. LEXIS 11729, 2001 WL 913945, at *1 (S.D.N.Y. 2001). Relevance in this context is subject to the over-arching relevance requirement outlined in Rule 26(b)(1). *See Krys v. Sugrue (In re Refco Secs. Litig.)*, 759 F. Supp. 2d 342, 345 (S.D.N.Y. 2011) ("Subpoenas issued under Rule 45 are subject to the relevance requirement of Rule 26(b)(1)"); *see During v. City Univ. of N.Y.*, 2006 U.S. Dist. LEXIS 53684, 2006 WL 2192843, at *82 (S.D.N.Y. 2006).

Rule 26(b)(1) recognizes that "[i]nformation is discoverable . . . if it is relevant to any party's claim or defense and is proportional to the needs of the case." Rule 26 Advisory Committee Notes to 2015 Amendments; *see Sibley v. Choice Hotels Int'l*, 2015 U.S. Dist. LEXIS 170734, 2015 WL 9413101, at *2 (E.D.N.Y. 2015) (recognizing that "the current version of Rule 26 defines permissible discovery to consist of information that is, in addition to being relevant 'to any party's claim or defense,' also 'proportional to the needs of the case.'") (internal citation omitted). Although the documents are sought pursuant to Rule 45, rather than Rule 34, the logic regarding Rule 34 can be instructive. *See New Falls Corp. v. Soni*, 2018 U.S. Dist. LEXIS 111953, at *13-14 (E.D.N.Y. 2018). Document requests can be sought from a party who has "retained any *right or ability to influence* the person in whose possession the documents lie." *N. Mariana Islands v. Millard*, 287 F.R.D. 204, 209 (S.D.N.Y. 2012) (internal quotations omitted) (emphasis in original); *Bank of N.Y. v. Meridien BIAO Bank Tanz. Ltd.*, 171 F.R.D. 135, 146 (S.D.N.Y. 1997); *accord In re Flag Telecom Holdings, Ltd. Sec. Litig.*, 236 F.R.D. 177, 180 (S.D.N.Y. 2006). The documents sought by

Plaintiff are "relevant and material to the allegations and claims at issue in the proceedings." *Night Hawk Ltd*, 2003 U.S. Dist. LEXIS 23179, 2003 WL 23018833, at *8. '

Any written objection to a subpoena for production or inspection "must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served." Id. "The failure to serve written objections to a subpoena within the time specified by Rule 45[ ] typically constitutes a waiver of such objections." *Concord Boat Corp. v. Brunswick Corp.,* 169 F.R.D. 44, 48 (S.D.N.Y. 1996); see also 9 James Wm. Moore et al; Moore's Federal Practice §45.41[1][c] (3d ed. 2016) ("If no timely written objection is served, the person subject to the subpoena generally waives any objection to production or inspection as commanded by the subpoena.").

On June 1, 2023, Plaintiff served a valid subpoena to Chase seeking an internal copy of certain documents and a business records affidavit certifying the authenticity of those documents. *See* Exhibit A. It has been almost four months since Chase was served with the subpoena.

Initially, Chase responded to Plaintiff's counsel regarding the subpoena and appeared to be working with Plaintiff to obtain the necessary documents and certification. However, after multiple delays, Chase has failed to provide the requested documents or certification and has not contacted counsel in a number of weeks. It should also be noted that Plaintiff reached out to TransUnion, the credit bureau the employment credit report was pulled from, to see if they could certify the report and TransUnion indicated that only Chase could do so, making it even more critical that Chase provide the requested business records certification.

Further, to date, no written objections to the subpoena have been made or filed and no party has filed any opposition or motion to quash the subpoena. The subpoena is facially valid seeking production of documents electronically to the email of Plaintiff's counsel. In addition, the documents are relevant to the instant matter. *See Warnke v. CVS Corp.,* 265 F.R.D. 64, 66 (E.D.N.Y. 2010).

Plaintiff seeks these documents in order to ensure the authenticity and admissibility of certain Chase documents which were provided to Plaintiff by Chase and produced by Plaintiff through discovery. Plaintiff's request is limited in scope and in time, and is not overbroad. There is no reason to believe that compliance would be unduly burdensome. See Fed. R. Civ. P. 45(d)(3)(A); *see also Gray v. Town of Easton*, 2013 WL 2358599, at *2 (D. Conn. 2013) (denying nonparties' motions to quash subpoenas where, inter alia, the documents sought were relevant and production would not be unduly burdensome); *see also Tucker v. Am. Int'l Grp., Inc.,* 281 F.R.D. 85, 98 (D. Conn. 2012) ("It is incumbent upon courts to protect non-parties from significant expense when considering motions to compel.").

Plaintiff also seeks an award of reasonable fees and costs for having to prepare and file this Motion, which could have been avoided. Given Chase's disregard for the Subpoena, the Plaintiff's fees and costs for bringing this Motion is an appropriate sanction. Indeed, a subpoena issued on behalf of the court should be treated as a court order. Fed. R. Civ. P. 45(a) advisory committee note (1991 amend.) ("Although the subpoena is in a sense the command of the attorney who completes the form, defiance of a subpoena is nevertheless an act in defiance of a court order and exposes the defiant witness to contempt sanctions."). Here, despite service of the Subpoena, Chase has failed to comply with the Subpoena, which in turn, means it ignored an order from the Court. *See id.* Chase has had ample opportunity to timely object or move for relief. Instead, it ignored the Subpoena, which necessitated the filing of this Motion. Chase should bear the reasonable costs of this Motion, not the Plaintiff.

WHEREFORE, Plaintiff respectfully requests the entry of an order compelling non-party Chase to comply with the Subpoena, awarding Plaintiff the reasonable costs and fees in bringing this Motion, and any other relief as the Court deems just and necessary. If the Court is inclined to

5

award fees and costs, Plaintiff respectfully requests that he be allowed 10 days to submit the

necessary documents supporting the fees and costs incurred.

Dated: September 22, 2023

Respectfully Submitted,

/s/ Daniel Zemel
Daniel Zemel
ZEMEL LAW LLC
660 Broadway
Paterson, New Jersey 07514
Tel: (862) 227-3106
Email: dz@zemellawllc.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 22nd day of September, 2023 a true and correct copy of the

foregoing document was sent to all counsel of record via the Court's ECF system.

/s/ Daniel Zemel
Daniel Zemel, Esq
